JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCEDES LARREA,<br><br>               Plaintiff,<br><br>      v.<br><br>WALMART INC.; WAL-MART STORES, INC.; CHRISTOPHER RODRIGUEZ; ALEXANDER DOE; and DOES 1 through 100, inclusive,<br><br>               Defendants. | Case No. 5:25-cv-03091-HDV-SKx<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [7]** |

## I.      INTRODUCTION

Before the Court is Plaintiff Mercedes Larrea's Motion to Remand Case to State Court ("Motion"). [Dkt. 7]. Plaintiff filed this employment action on September 24, 2025 in San Bernardino Superior Court. Complaint [Dkt. 1-5]. On November 17, 2025, Defendants Walmart Inc. and Wal-Mart Associates, Inc. (collectively, "Walmart") removed the action to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332 on the ground that individual defendants Christopher Rodriguez and Alexander Doe—both California citizens—were fraudulently joined to defeat diversity. Notice of Removal [Dkt. 1].

The key question is whether Rodriguez and Doe are sham defendants. There is no dispute that Plaintiff is a California citizen, Walmart is a citizen of Delaware and Arkansas, Rodriguez and Doe are California citizens, and the amount in controversy exceeds $75,000. Because Walmart has failed to establish that Plaintiff cannot bring any cognizable cause of action against Rodriguez and/or Doe, the Motion is granted. The case is remanded.

## II.     BACKGROUND

Plaintiff Mercedes Larrea was employed as a filler for Walmart responsible for processing online orders. Complaint ¶ 14. From October 2022 through May 2024, Plaintiff requested and received multiple medical leaves of absence related to a cancer diagnosis and related physical disabilities. *Id*. ¶ 16(d)–(g). In December 2023, a month after undergoing surgery during an approved absence, Plaintiff alleges that Defendants contacted her "to instruct her doctor to remove all her restrictions so she can go back to work"; her doctor denied her request. *Id*. ¶ 16(f)–(g). On May 7, 2024, Plaintiff requested an extension of her leave, but Defendants denied her request without providing a reason. *Id*. ¶ 16(h). Walmart terminated her employment on or about May 16, 2024, purportedly "because she did not submit an extension of her leave." *Id*. ¶ 16(i).

On September 24, 2025, Plaintiff filed a complaint in San Bernardino Superior Court asserting ten causes of action: (1) discrimination based on disability, age, and medical condition; (2) hostile work environment harassment under the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900, *et seq*.; (3) retaliation; (4) failure to provide reasonable accommodation; (5) failure to engage in interactive process; (6) failure to prevent discrimination, harassment, or

retaliation; (7) negligent hiring, supervision, and retention; (8) wrongful termination; (9) whistleblower retaliation under Cal. Labor Code § 1102.5; and (10) intentional infliction of emotional distress ("IIED").   Complaint ¶¶ 22–88.  Of these, only the hostile work environment harassment claim under FEHA and the IIED claim are asserted against the individual defendants, Rodriguez and Doe.  *Id.* ¶¶ 29–36, 84–88.  Walmart was served with the Complaint on October 16, 2025 and removed on November 17, 2025.  Notice of Removal at 2.  Plaintiff filed the present Motion to Remand on December 17, 2025.  [Dkt. 7].

## III.   LEGAL STANDARD

Federal courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Complete diversity is required, meaning each plaintiff must be diverse from each defendant.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).  The removal statute is strictly construed against removal, and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009).

Removal is nonetheless proper when a non-diverse defendant has been fraudulently joined. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  "Fraudulent joinder is established the second way if a defendant shows that an individual joined in the action cannot be liable on any theory."  *Id.* Fraudulent joinder is a term of art and does not require an ill motive on the part of the plaintiff. *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983).  A defendant must prove fraudulent joinder by "clear and convincing evidence."  *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

The standard is demanding.  "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find

2

that the joinder was proper and remand the case to the state court." *Grancare*, 889 F.3d at 548. In analyzing fraudulent joinder, the court must also consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550. The Court need only identify a "glimmer of hope that plaintiff can establish [a] claim" to remand the action. *Gonzalez v. J.S. Paluch Co.*, No. 12-cv-8696-DDP-FMOx, 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013).

## IV.    DISCUSSION

Only the FEHA hostile work environment harassment claim and the IIED claim are asserted against individual Defendants Rodriguez and Doe. Complaint ¶¶ 29–36, 84–88. To state a prima facie harassment claim under FEHA, the plaintiff must show that: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her protected status; (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment; and, for entity defendants, (5) a supervisor engaged in the conduct, or the employer knew or should have known of the conduct and failed to take corrective action. *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 608 (1989). The elements of IIED are: (1) outrageous conduct by the defendant; (2) the defendant intended to cause or recklessly disregarded the probability of causing emotional distress; (3) the plaintiff suffered severe or extreme emotional distress; and (4) actual and proximate causation. *Nghiem v. Santa Clara Univ.*, 710 F. Supp. 3d 748, 754–55 (N.D. Cal. 2024).

Plaintiff avers that she belongs to protected classes because of her physical disabilities, including her cancer. *See* Complaint ¶¶ 15(b)–(g). The specific allegations of harassing or outrageous conduct in the complaint are sparse. But Plaintiff alleges that Defendants told her to instruct her doctor to remove all her medical restrictions, impliedly without regard to actual medical condition, so that she could return to work. Complaint ¶ 16(g). That is enough to establish that there is at least *some possibility* that Plaintiff could state a valid claim against Rodriguez or Doe under state law for harassing or outrageous conduct, and Walmart has not carried its burden to show

3

otherwise. *See Grancare*, 889 F.3d at 548.[1]  Rodriguez and Doe were Plaintiff's direct supervisors, and the Complaint alleges they were involved in the management of Plaintiff's leave requests and her termination.  Complaint ¶¶ 3–6, 13, 16.  As the court in *Padilla* held in similar circumstances, where a plaintiff "seeks to include her direct supervisor in a lawsuit relating to her termination," denying federal diversity jurisdiction "is consistent with the Founders' intent in establishing diversity jurisdiction."  697 F. Supp. 2d at 1160.

Moreover, even if the current complaint inadequately pleads harassment or IIED against the individual Defendants, remand is warranted because Walmart has not established that any pleading deficiencies could not be cured by leave to amend.  This is a required part of the fraudulent joinder analysis.  *Grancare*, 889 F.3d at 550 (court must consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend").  Walmart's Opposition is notably silent on this point.  It does not argue—let alone establish by clear and convincing evidence—that Plaintiff is incapable of amending her Complaint to allege specific acts of harassment or outrageous conduct by Rodriguez.  Given Rodriguez and Doe's roles as Plaintiff's direct supervisors, their involvement in the denial of her accommodation requests, including requests that her doctor modify her restrictions, there is also (at the very least) a "glimmer of hope" that Plaintiff could, with leave to amend, state viable claims against him.

The Court therefore finds that Walmart has not met its burden of establishing by clear and convincing evidence that Rodriguez and Doe are sham defendants.  Complete diversity is lacking, and this Court is without subject matter jurisdiction.

//

//

//

---

[1] The Court's analysis does not address the strength of Plaintiff's claims, but rather whether Plaintiff can state a cognizable theory of liability against either of the individual Defendants. *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1160 (C.D. Cal. 2009) ("A defendant is not a fraudulently joined or sham defendant simply because the facts and law may further develop in a way that convinces the plaintiff to drop that defendant.").

4

## V.   CONCLUSION

For the foregoing reasons, the Motion is granted, and the action is remanded back to the San Bernardino Superior Court.

Dated: March 4, 2026

Hernán D. Vera
United States District Judge

5